## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT MICHIGAN

STRIKE 3 HOLDINGS, LLC,     )
                                    )
             Plaintiff,      )   Civil Case No. 2:17-cv-14025-GCS-
                                    )   EAS
v.                            )
                                    )
JESSIE BOUDRIE           )
                                    )
             Defendant.    )
_____)

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

## PLAINTIFF'S MOTION TO STRIKE

Plaintiff, Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") submits the following Motion to Strike and Brief in Support of it's Motion to Strike, and states as follows:

1.     Plaintiff filed its initial Complaint against Defendant on December 13, 2017 for copyright infringement, specifically by and through downloading multiple of Plaintiff's works through the BitTorrent network.

2.     After moving for leave to subpoena Defendant's Internet Service Provider ("ISP") for his identity and address, Plaintiff filed its Amended Complaint naming Defendant and served the court-issued summons on Defendant in March.

3.     On April 13, Defendant filed his Answer to Plaintiff's Amended Complaint along with a litany of affirmative defenses.

4.     These affirmative defenses were only raised by name, and Defendant provided no additional information about the nature, context, or applicability of the defenses.

5.     The undersigned has further attempted to call and has left messages with Defendant regard this Motion regarding Defendant's Answer, but has not heard a response from Defendant at the time of this filing.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order

striking Plaintiff's affirmative defenses listed in his Answer.

## **<u>Statement of the Issue</u>**

Whether the various affirmative defenses raised in Defendant's provide fair notice

to Plaintiff about the nature of the defense such that it survives Rule 12(f).

## <u>Controlling or Most Appropriate Authority</u>

*Malibu Media, LLC v. Pontello*, No. CV 13-12197,
    2013 WL 12180709 (E.D.  Mich. Nov. 19, 2013)

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiff, Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3"), by and through its undersigned counsel hereby respectfully moves for an entry of order striking Defendant's defenses pursuant to Fed. R. Civ. P. 12(f).

## I.      INTRODUCTION

On April 13, 2018, Defendant filed his Answer in response to Plaintiff's Amended Complaint for copyright infringement. [CM/ECF 12]. Defendant's Answer raised twenty defenses. All of the defenses were invoked by name, and name alone. No additional information was provided. Such barebone pleadings are inappropriate and fail to provide Plaintiff with adequate notice of the nature of the defense. For the foregoing reasons, Defendant's defenses should be stricken.

## II.     LEGAL STANDARD

"[A] court has 'liberal discretion' to strike such filings as it deems appropriate under Rule 12(f)." *Doe v. Cin-Lan, Inc.*, No. CV 08-12719, 2009 WL 1508367, at *1 (E.D. Mich. May 29, 2009) (citing *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)). Rule 26(f) states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "An affirmative defense is insufficient 'if, as a matter of law, the defense cannot succeed under any circumstances,' and a motion to strike is appropriate 'where it will eliminate spurious issues before trial and streamline the

1

litigation.'" *Shoucair v. Snacker*, No. CV 05-40341, 2008 WL 2559279, at *1 (E.D. Mich. June 23, 2008) (citations omitted). While the various standards for the other grounds listed in Rule 12(f) vary,[1] at a minimum, affirmative defenses must respect the Due Process precepts of Rule 8 and be "pleaded such that they give fair notice of the nature of the defense." *Malibu Media v. Doe*, No. 13-11432, 2014 WL 2616902, at *2 (E.D. Mich. June 12, 2014) (citations omitted); *see Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) ("The purpose of Rule 8(c) of the Federal Rules of Civil Procedure is to give the opposing party notice of the affirmative defense and a chance to respond.").

## III.   ARGUMENT

### A.  The Defenses Fail to Provide Fair Notice and Prejudices Plaintiff

"The boilerplate recitation of this defense is not adequate to give [Plaintiff] fair notice of the nature of the defense." *Martin v. Trott Law, P.C.*, 265 F. Supp. 3d 731, 741 (E.D. Mich. 2017). Indeed, this Court has cautioned against this form of "grocery list" pleading.[2] *See Shinew v. Wszola*, No. CV 08-14256, 2009 WL

---

[1] *See generally* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed.) (discussing redundant, immaterial, impertinent, or scandalous matters).

[2] While Defendant here is pro se, this Court has repudiated this type behavior in attorneys.

> Courts have held time and time again that stringing together a long list of legal defenses is not sufficient to satisfy Rule 8(a)'s short and plain

1076279, at *2 (E.D. Mich. Apr. 21, 2009) (finding defenses insufficiently plead "simply by listing them[] without supporting factual assertions or even reference to the facts established by the pleadings"). Defendant's first string of defenses mentions eleven of the eighteen affirmative defenses specifically listed in Fed. R. Civ. P. 8(c). [CM/ECF 12, at 5]. The Answer buttresses them with no additional information or context whatsoever.[3] *See id.*

In total, Defendant asserts twenty defenses. *See id.* Any attempt at a charitable reading of the defenses is essentially frozen out by the Answer's parsimony. Not only are these defenses wholly insufficient, impertinent, or some combination of the two, *infra*, such barebones pleadings–without additional context–prejudices Plaintiff by failing to provide adequate notice of the defense.

---

statement requirement. "It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense-which after all is the goal of notice pleading."

*Builders Bank v. First Bank & Tr. Co. of Illinois*, No. CV 03-4959, 2004 WL 626827, at *6 (N.D. Ill. Mar. 25, 2004) (quoting *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001)).

[3] "[W]hether or not *Twombly* necessarily applies to affirmative defenses, *it at least reaffirms the proposition that talismanic pleading is not to be abided*. This is what the alternative rule encourages: the inefficient practice of defense counsel formulaically reciting every conceivable affirmative defense, no matter how remote the chance that it might apply." *Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 259 (W.D.N.Y. 2012) (emphasis supplied).

"An affirmative defense is defined as '[a] defendant's assertion *raising new facts and arguments* that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'" *DeVries Dairy, LLC v. White Eagle Co-op. Ass'n,* No. CV 3:09-207, 2011 WL 3349067, at *11 (N.D. Ohio July 29, 2011) (quoting *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003)) (citing Black's Law Dictionary 430 (7th ed. 1999)) (emphasis supplied). "The requirement that affirmative defenses be specifically pleaded [such that defendant has notice] is based on notions of fair play. [W]hat matters is not whether the magic words 'affirmative defense' appears in pleadings, but whether the Court and the parties were aware of the issues involved." *Davis v. Sun Oil Co.*, 148 F.3d 606, 614 (6th Cir. 1998) (Boggs, C.J., dissenting in part).

The Rule 8(c) pleading standard forces defendants to filter every possible defense down to workable ones that "place the opposing parties on notice that a particular defense will be pursued so as to prevent surprise or unfair prejudice. *Saks*, 316 F.3d at 350 (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350, 28 L. Ed. 2d 788, 91 S. Ct. 1434 (1971). Indeed, notice is not sufficient by only alerting a party a defense's existence; the Federal Rules accomplish this generally by listing and describing types of defenses. Notice is only fair if it gives a party adequate warning about the specific token of the defense. *See Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (noting an

4

affirmative defenses provides fair notice "as long as it gives plaintiff fair notice of the nature of the defense."); *see also In re Sterten*, 546 F.3d 278, 285 (3d Cir. 2008) ("As a practical matter, that is the proper focus of our inquiry-whether, [the pleading] deprived [Plaintiff] of an opportunity to rebut that defense or to alter her litigation strategy accordingly."). While under certain circumstances, it may be possible to provide fair notice by simply reciting the title of the defense,[4] *infra* n.7, those circumstances are not present here.

The prejudice these inadequate defenses have on Plaintiff is substantial. "Boilerplate affirmative defenses that provide little or no factual support can have the same detrimental effect on the cost of litigation as poorly worded complaints." *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010) (*citing Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009)).

> Boilerplate defenses clutter the docket and, further, create unnecessary work. Opposing counsel generally must respond to such defenses with interrogatories or other discovery aimed at ascertaining which defenses are truly at issue and which are merely asserted without factual basis but in an abundance of caution.

*Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. CV 08-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008). "The function of the motion [to strike] is to 'avoid

---

[4] Context no doubt plays a role in whether or not a party has fair notice of a defense such that he or she can prepare a response. For example, when a party's answer merely states "self-defense" in a civil battery case, the gist of the defense is readily apparent; but if a party were to similarly invoke "self-defense" in a case for copyright infringer, that is a head-scratcher and at minimum would require some additional information.

the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case. *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir.1986)). In the interest of cropping the docket to its relevant legal points, Defendant's defenses should be stricken for the proceeding reasons.

### B.  Defendant's Generic Rule 8(c) Defenses are Insufficient and Impertinent

Among his first string of affirmative defenses, Defendant lists eleven separate defenses by name alone. For the foregoing reasons, these defenses are impertinent, insufficient, and fail to provide Plaintiff with fair notice of the defense.

### 1.  The Assumption of Risk Defense is Impertinent and Immaterial

"The phrase 'assumption of risk' is an excellent illustration of the extent to which uncritical use of words bedevils the law." *Tiller v. Atl. Coast Line R. Co.*, 318 U.S. 54, 68 (1943) (Frankfurter, J., concurring) (noting that such "legal formula" are "undiscriminatingly used to express different and sometimes contradictory ideas"). The Sixth Circuit, too, has long cautioned that "[t]he indiscriminate use of the terms 'assumption of risk' . . . without reference to [its] technical meaning or proper setting, has given rise to irreconcilable confusion." *Monongahela W. Penn Pub. Serv. Co. v. Albey*, 31 F.2d 85, 87 (6th Cir. 1929); *see*

6

*also Dilley v. Chesapeake & O. Ry. Co.*, 327 F.2d 249, 253 (6th Cir. 1964)

("Because of its ambiguity the phrase 'assumption of risk' is a hazardous legal

tool.") (quoting Justice Frankfurter in *Tiller*, 318 U.S. at 87). This defense is

simply outside the scope of this case. "Because an 'assumption of risk' defense

does not apply to copyright infringement claims, this defense cannot succeed as a

matter of law and should be stricken." *Malibu Media, LLC v. Butler*, No. CV 13-

02707-WYD-MEH, 2014 WL 4627454, at *3 (D. Colo. Sept. 16, 2014).

### 2.  Defendant's Contract-Related Defenses–Statute of Frauds, Release, and License–Are Impertinent and Immaterial

Several of the defenses rely on some meeting of the minds between the

parties. None have taken place at this point.[5] These defenses amount to a *deus ex*

*machina*, "a device . . .  introduced suddenly and unexpectedly [that] provides an

artificial or contrived solution to an apparently insolvable difficulty." *Gemveto*

*Jewelry Co. v. Jeff Cooper Inc.*, 694 F. Supp. 1085, 1092 n.9 (S.D.N.Y. 1988).

Since there is no contract at issue in this case, the statute of frauds is

inapposite. *See Rilting Music Inc. v. Speakeasy Enterprises, Inc.*, 706 F. Supp. 550,

553 (S.D. Ohio 1988) (finding the defense "without merit" because "the Statute of

---

[5] The only conceivable contract at issue here that applies would be if Defendant were a subscriber to one of Plaintiff's websites and had agreed to its "CUSTOMER TERMS & CONDITIONS." Even if this were the case, the agreement, under its "authorization of use," expressly states: "No material within the Site may be distributed through peer-to- peer networks or any other file sharing platforms." *See e.g.*, *Customer Terms & Conditions*, VIXEN.COM https://www.vixen.com/terms (last visited April 30, 2018).

Frauds defense is available in contract actions, and copyright infringement is a tort claim"). "Although section 204 [of the Copyright Act] is often referred to as the 'copyright statute of frauds,' it actually differs materially from state statutes of frauds." *Konigsberg Int'l Inc. v. Rice*, 16 F.3d 355, 357 (9th Cir. 1994). Either mechanism is inapt "because § 204(a), like a traditional statute of frauds, is intended 'to protect copyright holders from persons mistakenly or fraudulently claiming oral licenses or copyright ownership,' [and] the courts have been unwilling to permit a third party, such as Defendant here, to defeat a claim of infringement by pointing to alleged defects in an assignment between a copyright holder and a transferee . . . ." *Dahlen v. Michigan Licensed Beverage Ass'n*, 132 F. Supp. 2d 574, 580 (E.D. Mich. 2001) (quoting *Imperial Residential Design, Inc. v. Palms Development Group, Inc.*, 70 F.3d 96, 99 (11th Cir. 1995) (noting "it would be unusual and unwarranted to permit a third-party infringer to invoke section 204(a) to avoid suit for copyright infringement")); *accord Malibu Media, LLC v. Does 1-13*, No. CV 12-12586, 2013 WL 12246970, at *4 (E.D. Mich. Feb. 22, 2013) (collecting appellant court decisions).

A release defense where there is no contract is similarly misplaced. Plaintiff has been unable to locate a single case in the Sixth Circuit, or any Circuit, in which a release defense was entertained absent some agreement. As such, Defendant lacks standing to raise this defense. *See Williams v. Eggleston,* 170 U.S. 304, 309

(1898) ("The parties to a contract are the ones to complain of a breach, and if they are satisfied with the disposition which has been made of it, and of all claims under it, a third party has no right to insist that it has been broken.").

In the last of his contract-related defenses, Defendant asserts a license. A bare license defense should not be well taken as an affirmative defense. *Cf. Malibu Media v. Doe*, No. 13-11432, 2014 WL 2616902, at *4 (E.D. Mich. June 12, 2014) (finding that even when defendant had raised additional points in support of his license defense, "no elements" raised by defendant satisfied the implied license analysis and thus "cannot succeed as a matter"). Without anything more, this is redundant of and equivalent to Defendant's general denial of unauthorized copying. [*See* CM/ECF 12 at 4, ¶ 42, 44 (denying exploiting Plaintiff's copyrights under § 106)].[6]

Additionally, it is highly prejudicial for Plaintiff to perform a wild goose chase tracking down and contriving some possibly applicable agreement. If Defendant genuinely wants to raise this defense, it is well within his knowledge and power to suggest it in his pleading such that it provides Plaintiff with fair notice. "The court is aware of only a limited class of defenses that are waived if not

---

[6] It is also noteworthy that Defendant's Answer is inconsistent, stating at ¶ 43 that he is "without knowledge or information" to aver to Plaintiff's claim that it did not "authorize, permit, or consent" to Defendant downloading Plaintiff's works. *Compare* [CM/ECF 9] *with* [CM/ECF 12]. Although a pleading need not be internally consistent, Fed. R. Civ. P. 8(d)(3), without more information, the Answer does not provide Plaintiff with fair notice.

immediately asserted. Rule 15 allows for appropriate amendments and counsel should therefore feel no need in this court to window-dress pleadings early for fear of losing defenses later." *Safeco Ins. Co. of Am..*, No. CV 08-10545, 2008 WL 2558015 at *1.

### 3.   The Res Judicata Defense is Wholly Inapplicable

"[T]he defense of *res judicata* can mean several things."[7] *Davis*, 148 F.3d at 613. "The doctrine of claim preclusion, sometimes referred to as *res judicata,* mandates that if an action results in a judgment on the merits, that

---

[7] There is a current in the case law that note that a res judicata defense may be proper when defendant "simply in its answer: 'Plaintiffs' claims are barred by the doctrine of res judicata.'" *Hahn v. Best Recovery Servs., LLC*, No. CV 10-12370, 2010 WL 4483375, at *3 (E.D. Mich. Nov. 1, 2010) (citing *Davis v. Sun Oil Co.,* 148 F.3d 606, 612 (6th Cir. 1998)). *Davis* represented a nearly decade's long saga that commenced in state court in 1991 and terminating in 1996. *Id.* at 608 (discussing *Davis v. Sun Ref. & Mktg. Co.*, 109 Ohio App. 3d 42, 60, 671 N.E.2d 1049, 1061 (1996)). In the middle, the plaintiff also commenced a related federal action against the defendant under the Resource Conservation and Recovery Act ("RCRA") in 1993, which the district court stayed starting in October 1994, pending the resolution of the litigation in state court. *Id.* Ultimately, the district court held that plaintiff "could have brought their RCRA claim in state court," and thus res judicata applied. *Davis v. Sun Oil Co.*, 953 F. Supp. 890, 896 (S.D. Ohio 1996), *aff'd,* 148 F.3d 606 (6th Cir. 1998). Despite the fact that defendant's "cloudy answer sufficed-if such was its intent at all-to put [plaintiff] on fair notice," 148 F.3d at 614 (Boggs, J., dissenting), the majority found the context of the case sufficient to provide fair notice. *Id.* at 613; *see also Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (discussing *Davis* for the proposition that a bare "qualified immunity" defense that was apparent in a litigation involving state officials). Magistrate Judge Scheer has noted that the *Davis* court's proposition on pleadings "was clearly dicta, as no affirmative defense had been pled in the case." *Shinew v. Wszola*, No. CV 08-14256, 2009 WL 1076279, at *2 (E.D. Mich. Apr. 21, 2009) (finding defenses that were just listed were "insufficiently plead").

judgment operates as an absolute bar to any subsequent action on the same cause between the same parties . . . ." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994) (citation omitted); *see also* Fed. R. Civ. P. 9(e) (noting that for judgments, a party must at least "plead the judgment or decision").

Plaintiff only recently uncovered Defendant's identity. Plaintiff has not sued Defendant previous to this suit, Plaintiff has no other litigation pending against Defendant, and thus claim preclusion is simply out of bounds. *See Lakin v. Bloomin' Brands, Inc.*, No. CV 17-13088, 2018 WL 509470, at *1 (E.D. Mich. Jan. 23, 2018) (finding "res judicata and collateral estoppel do not bar Plaintiffs' claims because Plaintiffs' have not previously initiated suit regarding [defendant]'s slip and fall."); *cf. Swift v. City of Detroit*, No. CV 10-12911, 2012 WL 32683, at *4–6 (E.D. Mich. Jan. 6, 2012) (striking an affirmative defense of res judicata because there has been no "conclusive effect" to engender the defense) (collecting cases). Moreover, Defendant is not prejudiced by a striking of this defense because, "not every failure to plead res judicata . . . will result in a waiver" and Defendant can raise it again should it prove pertinent. *Black*, 15 F.3d at 582 (quoting *Lesher v. Lavrich,* 784 F.2d 193, 196 (6th Cir.1986)).

### 4.   Defendant's Illegality Defense Conclusory and Insufficient

Defendant's solitary assertion of illegality provides zero notice of the nature of the defense. It fails to alert this Court and Plaintiff to what aspect of this

litigation the defense disputes. *See e.g.*, *Malibu Media, LLC v. Pontello*, No. CV 13-12197, 2013 WL 12180709, at *3 (E.D. Mich. Nov. 19, 2013) (granting plaintiff's motion to strike defendant's illegality defense); *Malibu Media, LLC v. House*, No. CV 13-12218, 2013 WL 5954571, at *2–3 (E.D. Mich. Nov. 7, 2013) (requiring defendant to amend its "barebones" pleading of illegality with sufficient facts to support its illegality defense). Therefore, the defense must fail as a matter of law because the "illegal operation of an otherwise copyrightable work does not deprive the work of copyright protection, nor is it a defense to infringement." *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 991–92 (9th Cir. 2009).

### 5.   Defendant's Fraud Defense Runs Afoul of Rule 9(b)

Defendant's desolate fraud defense fails to "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b); *see also Marco Int'l, LLC v. Como-Coffee, LLC*, No. CV 17-10502, 2018 WL 1790171, at *6 (E.D. Mich. Apr. 16, 2018) (finding a "generic, barebones" pleading of fraud failed to satisfy Rule 9(b)). "[T]he purpose undergirding the particularity requirement of Rule 9(b) is to provide [Plaintiff] fair notice of the substance of [the defense]" so that Plaintiff "may prepare a responsive pleading." *See Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988) (collecting cases). "In complying with Rule 9(b), a [defendant], at a minimum, *must* allege the time, place, and content of the alleged misrepresentation on which he or she relied; the

12

fraudulent scheme; the fraudulent intent of the [plaintiff]; and the injury resulting from the fraud." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) (quotations and citation omitted) (emphasis supplied). Defendant's pleading does no do this and must fail as a matter of law.

### 6. The Bare Estoppel and Waiver Defenses Are Insufficiently Plead and Must Fail

"Estoppel requires that 'the party to be estopped must have used conduct or language amounting to a representation of material fact' and 'the party asserting estoppel must have detrimentally and justifiably relied on the representation.'" *Malibu Media, LLC v. Pontello*, No. CV 13-12197, 2013 WL 12180709, at *2 (E.D. Mich. Nov. 19, 2013) (granting plaintiff's motion to strike defendant's estoppel defense) (quoting *Thomas v. Miller*, 489 F.3d 293, 302 (6th Cir. 2007)). This Court has previously held that an estoppel defense "cannot succeed as a matter of law" because defendant "has not pointed to any representations made by Plaintiff." *Malibu Media v. Doe*, No. CV 13-11432, 2014 WL 2616902, at *5 (E.D. Mich. June 12, 2014).

Defendant's wavier defense fails too. *See Shinew v. Wszola*, No. CV 08-14256, 2009 WL 1076279, at *5 (E.D. Mich. Apr. 21, 2009) (finding a pleading that merely stated a wavier defense by name did not give fair notice). "A waiver must be intentional, with full knowledge of all the facts. Although a waiver may be effected by express words or by conduct, mere silence will not amount to a waiver

13

unless there is a duty to speak." *Design Basics, LLC v. Chelsea Lumber Co.*, 977 F. Supp. 2d 714, 736 (E.D. Mich. 2013) (quoting *QSI–Fostoria D.C., LLC v. Gen. Elec. Capital Bus. Asset Funding Corp.*, 389 Fed.Appx. 480, 487 (6th Cir. 2010)); *see A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) (finding a wavier of copyright "occurs only if there is an intent by the copyright proprietor to surrender rights in his work").

Defendant does not allude to what Plaintiff has waived. *See Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 186 F. Supp. 3d 1370, 1379 (N.D. Ga. 2016) (finding a waiver defense pleaded "in an entirely conclusory manner [did] not give Plaintiffs fair notice of the basis of the defenses") (citation omitted); *see also All. Indus. Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*, No. CV 13-2510, 2014 WL 4548474, at *3 (E.D. Pa. Sept. 11, 2014) ("Defendant merely recites the names of various defenses [including waiver] without articulating any of the legal elements to support them. This is insufficient."). The defense is insufficient and should be stricken.

### 7. The Related Defenses of Statute of Limitations and Laches Are Foreclosed by the Facts Established in the Record

"[T]he statute of limitations does not bar a claim for copyright infringement provided that plaintiff first knew of the potential violation, or was chargeable with such knowledge, on or after [the day it filed its complaint.]" *Design Basics, LLC v. Roersma & Wurn Builders, Inc.*, No. CV 1:10-696, 2012 WL 1830129, at *2

14

(W.D. Mich. Apr. 23, 2012), *report and recommendation adopted*, No. CV 1:10-696, 2012 WL 1830103 (W.D. Mich. May 18, 2012). All of the distinct infringements that make up this litigation took place within 2017. [*See* CM/ECF 1-1 (listing dates Plaintiff's investigators recorded Defendant downloading its works)]. The original Complaint was filed on December 12, 2017, [CM/ECF 1], well within the three-year statute of limitation period. *See* 17 U.S.C. § 507(b). Related to the statute of limitations defense, Laches fails for similar reasons. S*ee e.g.*, *Malibu Media v. Doe*, No. CV 13-11432, 2014 WL 2616902, at *5 (E.D. Mich. June 12, 2014) (striking a laches defense because there is a "strong presumption against laches when the statute of limitations has not expired").

   "Laches . . . cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1967 (2014) (Ginsburg, J.). "Laches is a gap filling doctrine, and where there is a statute of limitations, there is no gap to fill." *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 961 (2017) (Alito, J.). The Sixth Circuit has recently take the Supreme Court's jurisprudence to heart, finding that "[b]ecause lachesn within the term of the statute of limitations is no defense at law to claims for monetary damages, the laches defense . . . is insufficient as a matter of law under Rule 12(f)." *See Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1055

(6th Cir. 2015). Since this litigation falls within this three-year period, this defense must also fail as a matter of law.

### C. Defendant's Grounds for a Motion to Dismiss and Motion for Summary Judgment as Defenses are Insufficient

Defendant also uses the language from the grounds to dismiss in Rule 12(b) and ground for summary judgment in Rule 56(b) as defenses. [*See* CM/ECF 12, at 5, ¶ 4]. For the foregoing reasons, the record has developed enough to render them insufficient as a matter or law, or has not developed enough to warrant their appropriateness. While Plaintiff would be prejudiced attempting to respond to these defenses that do not provide adequate notice, Defendant will suffer no prejudice if these defenses are stricken since he can raise them as motions at a more fitting time.

### 1. Plaintiff Has Demonstrated Its Prima Facie Case and the Failure to State a Claim Defense Must Fail

Although a failure-to-state a-claim defense may conform to the Rule 8(c) pleading standard, "[a] general assertion that the plaintiff's complaint fails to state a claim is insufficient to protect the plaintiff from being ambushed with an affirmative defense." *Saks*, 316 F.3d at 350 (collecting cases). Unique to this case, however, is that Plaintiff has already demonstrated its Complaint's capacity to withstand a motion to dismiss. [*See generally* CM/ECF 5]. The analysis for "good cause" for leave, which this Court granted, [CM/ECF 7], requires Plaintiff to

16

demonstrate the adequacy of its prima facie case. *See id.* at 5–7 (analyzing case using *Malibu Media, LLC v. John Does 1-9*, No. CV 12-12587, 2013 WL 142083, at *1 (E.D. Mich. Jan. 11, 2013)). Indeed, some courts treat this prima facie element proof that Plaintiff's claim survives a motion to dismiss. *See e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. CV 17-2317-JAH (BLM), 2017 WL 6389848, at *3 (S.D. Cal. Dec. 14, 2017). Moreover, "although [failure to state a claim] may be pleaded as an affirmative defense, it may also be raised in a motion or at trial; thus, defendant will not be harmed if it is stricken . . . ." *See Ruffin v. Frito-Lay, Inc.*, No. CV 09-14664, 2010 WL 2663185, at *3 (E.D. Mich. June 10, 2010), *report and recommendation adopted*, No. CV 09-14664-BC, 2010 WL 2663184 (E.D. Mich. July 2, 2010) (noting this was particularly appropriate because the defense used "conclusory language that has not been clarified or fleshed out").

### 2.   The Jurisdictional Defenses Are Contradicted by the Record

Defendant's jurisdictional defenses can also be dispensed with as a matter of law. This Court's subject matter jurisdiction and personal jurisdiction over Defendant are ironclad. "Under 28 U.S.C. § 1338(a), federal district courts 'have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights." *Carson Real Estate Companies v. CoStar Grp. Inc.*, No. CV 10-13966, 2011 WL 4360021, at *3 (E.D. Mich. June 30, 2011), *report and recommendation adopted sub nom. Carson Real Estate Companies, LLC v.*

17

*Constar Grp., Inc.*, No. CV 10-13966, 2011 WL 4360017 (E.D. Mich. Sept. 19, 2011). Since the only claim for relief in this case is for infringement of Plaintiff's exclusive rights under the Copyright Act, this matter is squarely within the Court's subject matter jurisdiction. Furthermore, Defendant's Answer admitted that he is a resident of Newport, Michigan, [CM/ECF 12, at 12, ¶ 11], which firmly establishes this Court also has personal jurisdiction over him. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (noting personal jurisdiction is hallmarked by "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there") (White, J.).

To that end, venue is securely established. "Civil actions . . . relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400. "The general rule of construction of § 1400(a) is that a defendant 'may be found' in any district where he is subject to personal jurisdiction or where he may validly be served with process." *Conceivex, Inc. v. Rinovum Women's Health, Inc.*, No. CV 15-14239, 2017 WL 3484497, at *5 (E.D. Mich. Aug. 15, 2017). Again, because Defendant has admitted to being a resident within this Court's personal jurisdiction, venue here is proper. *See e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. CV 18-47-WQH (RBB), 2018 WL 1427002, at *5 (S.D. Cal. Mar. 22, 2018) (finding Plaintiff had pleaded subject-matter

jurisdiction, personal jurisdiction, and venue sufficient to survive a motion to dismiss).

### 3. Defendant's Service-Related Defenses Are Also Contradicted by the Record

Last in this string of motion to dismiss defenses is Defendant's claim of insufficient service and insufficient service of process. [*See* CM/ECF 12, at 5, ¶ 4]. "The Sixth Circuit has stated that rules governing service should be construed liberally when a defendant has received actual notice of the lawsuit." *In re Christopher Lawrence Hayes*, 453 B.R. 270, 280 (E.D. Mich. 2011) (citing *Rovinski v. Rowe,* 131 F.2d 687 (6th Cir.1942)). Generally, "a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007) (collecting appellant cases).

Service and service of process is sufficient under Rule 4(e) when Plaintiff "follow[s] state law for serving a summons" or "deliver[s] a copy of the summons and of the complaint to the individual personally."  S*ee Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563–64 (E.D. Mich. 2006) (denying motion to dismiss for insufficient service). The Michigan Court Rules provide that "[p]roof of service may be made by . . . written acknowledgment of the receipt," Mich. Ct. R. 2.104, and that "[p]rocess may be served on a resident or nonresident

19

individual by . . . delivering a summons and a copy of the complaint to the defendant personally . . . ." *Id.* 2.105. Plaintiff's process server has done this and thus service and service of process is sufficient as a matter of law.

Here, Plaintiff went through careful efforts: first to identify and locate Defendant, [*See* CM/ECF 5], then file its Amended Complaint naming Defendant, [CM/ECF 9], and receive and ultimately serve the court-issued summons on Defendant. [*See* CM/ECF 9, 10]. On April 4, 2018 the Proof of Service was returned to the Court personally served by Plaintiff's process server on March 23, and signed by Defendant. [CM/ECF 11]. Indeed, one of the purposes of service is "to give adequate notice that an action is pending," *Albert Levine Assocs., Inc. v. Hudson*, 43 F.R.D. 392, 394 (S.D.N.Y. 1967), yet the defenses fails to reciprocate fair notice and should be stricken.

### 4.  The Summary Judgment-Like Defense is Inapt

Plaintiff is unable to locate any case law in this Circuit or any other that treats the summary judgment standard as an affirmative defense. There is sound jurisprudence surrounding summary judgment indicating it should not be treated as an affirmative defense. This is particularly salient when it is raised before discovery has given the parties an opportunity to bring all relevant facts to the fore. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326, (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua*

*sponte, so long as the losing party was on notice that she had to come forward with all of her evidence.*) (Rehnquist, J.) (emphasis supplied); *cf. United States v. Long*, 121 F. Supp. 3d 763, 783 (N.D. Ohio 2014) (contrasting the respective and apposite burdens placed on movants and non-movants in the summary judgment and the affirmative defense pleading standards). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." Celotex, 477 U.S. at 323–24. Regardless, Defendant suffers no prejudice if this defense is stricken because he may raise it again as a motion for summary judgment at a more appropriate time. *See* Fed. R. Civ. P. 56(b) (noting "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery").

### D. Defendant's Catchall "Public Policy" Defense Provides No Notice of the Defense

Finally, as a final defense, Defendant states "enforcement of [Plaintiff's] alleged claim would violate public policy." [CM/ECF 12, at 5, ¶ 5]. Public policy could related to any aspect of the litigation, ranging the gamut from contract issues, *see e.g.*, *Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co., LLC*, 695 F. App'x 864, 873 (6th Cir. 2017) (finding the contracts in the case did not "act against public policy or law" and refusing to find the contract illegal), to copyright misuse. *See e.g.*, *Malibu Media, LLC v. Popp*, No. CV 1:14-V00700-GBL (JFA),

2015 WL 10937405, at *3 (E.D. Va. Apr. 13, 2015) (striking defendant's copyright misuse defense because plaintiff's litigation did not violate public policy, noting "A defendant may not infringe on a copyright because it finds the owner's [subscription] price too expensive or because it expects litigation to be cheap"). Because, as plead, this defense is ambiguous and fails to provide fair notice of the nature of the defense, it fails as a matter of law and should be stricken.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully request the Court grant Plaintiff's Motion to Strike Defendant's Affirmative Defenses.


Dated: 05/04/2018                      Respectfully submitted,

                                       **BOROJA, BERNIER &
                                       ASSOCIATES PLLC**

                                       _/s/ Joel A. Bernier_
                                       **By:  JOEL A. BERNIER (P74226)**
                                       49139 Schoenherr Rd.
                                       Shelby Township, MI 48315
                                       T: 586-991-7611
                                       F: 586-991-7612
                                       Email: Bbclawgroup@gmail.com
                                       _Attorney for Plaintiff_

## CERTIFICATE OF COMPLIANCE

Pursuant to E. D. Mich. LR 5.1(a) I hereby certify that the foregoing has been prepared using one of the font and point selections approved by the Court in E. D. Mich. LR 5.1(a)(3). This document was prepared using Times New Roman (14 pt.).

/s/ *Joel A. Bernier*
**By: JOEL A. BERNIER (P74226)**

## CERTIFICATE OF CONFERRAL

Pursuant to E. D. Mich. LR 7.1 has attempted to confer with Defendant about the contemplated Motion to Strike. The undersigned has called and left voice messages on pro se Defendant's phone, but the parties have not conducted a conference.

/s/ *Joel A. Bernier*
**By: JOEL A. BERNIER (P74226)**